## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

FILED BY ___ D.C.

05 AUG 30  PM 4: 58

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN. MEMPHIS

**UNITED STATES OF AMERICA**

**-v-**

**STACY LAYNE BEAVERS**

2:05CR20248-01-D

**Robert W. Ritchie, Retained**
**Stephen Ross Johnson, Retained**
**Defense Attorneys**
**P.O. Box 1126**
**Knoxville, TN 37901**

**Kemper B. Durand, Retained**
**Defense Attorney**
**29th Floor One Commerce Square**
**Memphis, TN 38103**

---

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 of the Information on August 04, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 42 U.S.C. § 1307(a) | Making False Representation Regarding Internal Revenue Code with Intent to Defraud | 05/08/2002 | 1 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth:  09/05/1964
Deft's U.S. Marshal No.:    10308-078

Date of Imposition of Sentence:
August 04, 2005

Defendant's Mailing Address:
2424 East Windsor Drive
Denton, TX 76209



Case No: 2:05CR20248-01   Defendant Name: Stacy Layne BEAVERS                    Page 2 of 4

_____

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

August _30_____, 2005

# PROBATION

The defendant is hereby placed on probation for a term of **12 months**. The defendant will pay the sum of Two-Hundred Thousand ($200,000.00) Dollars (US) as a civil forfeiture to the United States, payable to the U.S. Marshal's Seized Asset Deposit Fund.

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, destructive device, or dangerous weapons. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such file or restitution.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

Case No: 2:05CR20248-01   Defendant Name: Stacy Layne BEAVERS                    Page 4 of 4

10.   The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13.   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1.   The defendant shall make full financial disclosure as directed by the Probation Officer.

2.   The defendant shall not participate in telemarketing businesses during term of Probation.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

**Total Assessment**            **Total Fine**            **Total Restitution**

$50.00

The Special Assessment shall be due immediately.

### FINE
No fine imposed.

### RESTITUTION
No Restitution was ordered.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:05-CR-20248 was distributed by fax, mail, or direct printing on September 1, 2005 to the parties listed.

---

Dan Newsom
US ATTORNEY'S OFFICE
167 N Main St
Ste 800
Memphis, TN 38103


Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552


Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103


Robert W. Ritchie
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901


Stephen Ross Johnson
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901--112


Honorable Bernice Donald
US DISTRICT COURT